UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER DANIEL BROWN,

        Plaintiff,

  v.                                                              Case No. 19-C-1303

MILWAUKEE COUNTY SHERIFFS DEPARTMENT, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Christopher Daniel Brown, an inmate at the Milwaukee County House of Corrections, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while in custody at the Milwaukee County Jail. This matter comes before the court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Although the plaintiff is no longer incarcerated, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. The plaintiff has been assessed an initial partial filing fee of $71.53; he paid $72.00 on October 15, 2019. The plaintiff is required to pay the remainder of the fee over time as he is able.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On the evening of June 29, 2019, Brown was brought to Milwaukee County Jail in a sheriff's department vehicle. He was pulled out of the Sheriff's Department vehicle and dropped on his head by Deputy John Doe. Brown alleges that he sustained a mouth laceration from this fall, which also caused him to go in and out of consciousness.

2

Brown was not provided medical attention after he was dropped. Instead, he alleges he was handcuffed and leg-cuffed to a metal chair in a sitting area. Brown was left in the chair until the officers unstrapped him and told him to be a "man" so they could take his photo. When Brown could not hold himself up, several officers held him up so his photograph could be be taken. After his photo, Brown was placed in segregation and remained there for several days without medical care as he went in and out of consciousness. Food was brought to Brown's secured cell because he could not move to eat. Brown alleges that he was not medically cleared for over a week when he filed a medical request and a grievance.

### THE COURT'S ANALYSIS

As an initial matter, the Milwaukee County Sheriff's Department is not a suable entity under 42 U.S.C. § 1983. It is "not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). While the County is a suable entity, Brown fails to allege any claim against it. "A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th C2010) (citing *Monell v. Dept. of Social Services of New York*, 436 U.S. at 658, 690 (1978). Brown alleges no such policy, practice or custom here. Nor does he allege a violation by a person with final policy-making authority. The Sheriff's Department will therefore be dismissed.

The allegation that he was dropped on his head by Deputy John Doe may state a claim for excessive force in violation of the Eighth Amendment proscription of cruel and unusual

3

punishment, assuming Brown had been convicted, *Hudson v. McMillian*, 503 U.S. 1 (1992), or the Due Process Clause of the Fourteenth Amendment, if he had not. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). Likewise, the allegation that Brown was not provided medical care and left in segregation for several days, even though he was drifting in and out of consciousness, may state a claim for deliberate indifference to serious medical needs in violation of the Eighth or Fourteenth Amendments, again depending upon whether he was an inmate serving a sentence or a pretrial detainee. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Pardue v. Fromm*, 94 F.3d 254 (7th Cir. 1996). The problem with these claims, however, is that Brown has failed to identify the person or persons who may be liable.

Individual liability under § 1983 is personal; the doctrine of *respondeat superior*, under which the acts of the employee in the scope of employment are attributable to the employer, does not apply. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Moreover, Fed. R. Civ. P. 8(a) requires that the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). This Brown fails to do. His complaint fails to identify the individual deputies or jail staff he claims violated his rights and allege facts sufficient to support a claim that they did so.

Normally, this failure would require dismissal of the complaint. But that is not the law in this circuit. In *Donald v. Cook County Sheriff's Department*, 95 F.3d 548 (7th Cir. 1996), the court held that under some circumstances district courts have an obligation to assist a pro se civil rights

4

plaintiff in identifying the individual defendant or defendants who may be liable if the plaintiff's complaint otherwise appears to state a claim. In the words of the court, "[a] plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the pro se plaintiff who confronts barriers to identifying the appropriate defendants." *Id.* at 556. *Donald* suggests several possible ways in which such assistance may be provided:

> Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means.

*Id.*

In light of *Donald*, and because Brown has failed to identify any individual defendants, I will direct that the case proceed with only the Milwaukee County Sheriff named as a defendant for the limited purpose of providing written discovery to assist Brown in identifying the individuals who he claims violated his constitutional rights. The Sheriff need not file a response to the complaint, since he is not personally alleged to have violated Brown's rights. However, within the next sixty (60) days, the Sheriff or his designee is directed to provide Brown with copies of the report of the deputy who transported Brown to the Milwaukee County Jail on June 29, 2019, the records relating to his booking into the Milwaukee County Jail, and any records, reports and/or logs maintained by the officers and staff of the segregation unit where he was housed during the relevant time period.

Within thirty (30) days of receipt of such records, or within ninety (90) days of this order and not later than February 21, 2020, Brown is to file an amended complaint identifying the

5

individual defendants he claims violated his rights. Failure to do so may result in dismissal of his action. Brown is reminded that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and **must be complete in itself without reference to the original complaint**. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $278.00 balance of the filing fee, over time, as he is able. The plaintiff may forward payments to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff's Department will be dismissed as a defendant and the Milwaukee County Sheriff is added as a defendant for the limited purpose of identifying the Doe defendant(s).

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this Order are being electronically sent today to Milwaukee County for service on the Milwaukee County Sheriff.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall, within the next sixty (60) days, provide Brown with copies of the report of the deputy who transported Brown to the Milwaukee County Jail on June 29, 2019, the records relating to his

booking into the Milwaukee County Jail, and any records, reports and/or logs maintained by the officers and staff of the segregation unit where he was housed during the relevant time period. Plaintiff will have 30 days after receipt of the records to file an amended complaint identifying the individual or individuals alleged to have violated his constitutional rights. If no amended complaint identifying the defendants is filed by February 21, 2020, this action will be dismissed.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this  21st  day of November, 2019.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court